Okay, be seated. And good morning to counsel. This is a, as counsel knows, a specially set calendar. We only have one case on this calendar. And so we'll hear argument at this time by United States v. Patterson. And as is usually the case, defendant is the appellant, right? Let's proceed. Thank you. Gerald Smith, Federal Defenders for Defendant Appellant Toby Patterson. We're here today primarily, I believe, because of the on-bank decision in Ellis v. United States District Court. Also last week I did submit a 20HA letter citing the recently decided case, United States v. Thomas. It is our position, and it's been our position since Mr. Patterson entered his plea of guilty, that that plea was a valid plea, that it subjected him under Apprendi to a 5-year mandatory minimum strike, that to a 5-year maximum sentence, and that the district court improperly vacated that plea without authority to do so. And every Mr. Smith, let me ask you, since Mr. Patterson is challenging both his conviction and his sentence, isn't this distinguishable from Nord v. Thomas and Ellis with regard to the potential limitation if we are to remand? No, because Mr. Patterson is not contesting his conviction under the guilty plea. Well, you briefed all those issues with regard to challenges to the evidence that was used to convict him. I'm not sure that you can have it both ways. In the opening brief, way back in the beginning, those issues were briefed. Well, I mean, you can't change your position now and say, never mind, I'm not challenging my conviction in light of the change in the case law. I think you're bound by the position that you took when you originally filed your appeal and briefed and argued it before us, aren't you? In the opening brief, it was clearly noted that those issues were being raised only in the event that the court, this court, did not rule in Mr. Patterson's favor with respect to the vacation of the guilty plea. Okay. But that's different from the facts in the three cases, Nord v. Thomas and Ellis, where the only challenge was to the sentence, isn't it? Our only challenge, in effect, is to the sentence, because that's not my question, Mr. Smith. Isn't there a factual difference between the posture of Mr. Patterson's case on appeal and the posture of those three other defendants that, in effect, because of the fact that there's a difference, if we do remand, why shouldn't we just return to the status quo ante, as Ellis would suggest, and simply let Mr. Patterson try to renegotiate his plea or go to trial on the original indictment, which he's always been facing? There has been a – there is a difference in the procedural history of this case as compared to Ellis and Thomas. But returning to the status quo ante would be the status quo ante to the point of his guilty plea, not prior to that. The differences in this case is simply that once the plea was vacated, Mr. Patterson was ordered to trial and went to trial. And hindsight, perhaps it would have been cleaner to do as was done in Ellis and file a petition for writ of mandamus. But the issues that were raised by Mr. Patterson, first of all, was the same as the issue raised by Ellis, that the guilty plea should never have been vacated. Well, but wasn't Ellis different in that he actually worked out a deal with the government where he pled to a lesser offense, murder in the second degree, as opposed to murder in the first? Here, your client pled guilty to manufacturing marijuana. And at the time of the plea, the only question was, what would the sentence be? And that had to be determined by a determination of quantity. So isn't this different from Ellis in that respect? It's different in that Ellis was, in fact, a murder case. He pled to second-degree murder where the potential penalty, the statutory potential penalty is well-defined and there's no differences in terms of quantity or that sort of thing. But in any case where there's a guilty plea, there are issues remaining to determine precisely what the sentence is going to be. But Ellis pled to a different charge. He pled to second-degree murder. Here, your client pled guilty to the same offense that he was indicted for, which was manufacturing marijuana. The only question to be determined was what sentence would apply. And that would be determined by, we thought at the time, by the judge. Then Apprendi comes down and says, no, the jury has to determine that. So how is this different from, let's say, if Judge Lodge had simply impaneled a sentencing jury and asked it to make the same determination that it made at the trial that Mr. Patterson stood, which was a special interrogatory on the quantity? I see several different questions there. But first of all, I think that Thomas answers that question, that the one on how is or what's the effect of Mr. Patterson pleading to quantity or pleading to the manufacturer of marijuana without a quantity being determined at the guilty plea. That's exactly what we're looking for. Kennedy, assuming that we don't find Thomas distinguishable because he challenged only the sentence and not the conviction. You're asking me, I mean, it's Thomas different, I think it may be because of that fact in terms of what the remedy should be here. I mean, you're urging us to, in essence, remand this to the district court and tell Judge Lodge the maximum punishment that you may impose in this case is five years. That's exactly what we're looking for. And that's the remedy that we ordered in Thomas. But in Thomas and Nordby and in Ellis, in all those cases, the defendants had challenged only the sentence, not the conviction. Well, Mr. Smith, isn't it true, at least in, I don't remember Nordby now, but at least in Thomas, the reason the defendant then challenged the conviction because he was not convicted of any crime other than that to which he pleaded guilty. Here, the defendant pleaded guilty, which under our case law amounts to conviction, and then he was forced to go to trial. He was convicted a second time of the higher offense. So doesn't that distinguish Thomas in the sense that here we have two convictions in Thomas, there was only one, in other words, to the plea. The conviction was only to the plea. There was no subsequent trial in Thomas. Isn't that right? That's my recollection. That's correct as I read the case. But again, it is a procedural difference, distinction that I don't think makes a difference in terms of what Mr. Patterson's rights are and what he's ultimately claiming, because that second conviction that you referred to by jury trial was a violation of double jeopardy. That should never have occurred. Well, what is the second – help me with that, in response to Judge Tshima's question. What is the second conviction? It's the same offense that he pled to, manufacturing marijuana, isn't it? He was already convicted of that by the guilty plea. There should never have been a second. It's the same charge. In other words, he wasn't twice convicted for two different offenses. It's the same offense that he pled to. It had two elements, right? Both of which he admitted in his plea. It had two elements. He admitted those in his plea.  If that plea had not been vacated, if there had not been the Apprendi issue, if there had not been – if there had been less than 50 plants and Mr. Patterson had pled guilty, there would have been no authority in the world. In fact, the double jeopardy clause would prevent a trial on the very same issues to which he'd already pled guilty. And that's what happened here. But does it matter that he hadn't been punished? In other words, does it make a difference for double jeopardy purposes that the defendant had not yet been sentenced on the same offense? Yes. It does make a difference. It does make a difference. Right. Because double jeopardy protects you from being twice punished for the same offense. Twice punished or put in jeopardy. Right. And that's the difference. What makes the difference is that he should have been punished based upon his guilty plea, not based upon the unconstitutional drive. But his punishment on the first guilty plea contemplated a longer sentence if the Court found more than 100 plants, right? And for years, defendants pled guilty without any finding of quantity of controlled substances. And for years, it was believed by, as far as I know, every circuit in the country, that that was permissible, that it did not violate any constitutional provisions. Apprendi tells us that's not true. But Apprendi tells us that it is the jury that has to determine the quantity for sentencing purposes. And Mr. Patterson got the process that Apprendi says was due him, that it must be listed in the indictment and that the jury must find by proof beyond a reasonable doubt what the quantity is. But that happened in this case, didn't it? In the absence of the guilty plea, we would have no argument. Well, I'm not sure what difference the guilty plea makes. The only change here is who decides. He pled guilty before Judge Lodge to the same offense, anticipating that Judge Lodge would make the determination. Instead, Apprendi came down and Judge Lodge says, no, the jury has to decide that fact, and the jury found the quantity. So where is what Judge Lodge said is the jury has to find guilt or innocence? Mr. Patterson was already guilty. The jury was convened not for the purpose of finding quantity. It did find quantity, but that was only after it found guilt. Mr. Patterson was already guilty. I think Thomas is instructive again on this. It went back to the guilty plea, and the Court was not allowed to convene a jury because Mr. Thomas, as was Mr. Patterson, had not been advised of his right to have the jury decide quantity. He had been advised of his right, as Mr. Thomas was, to have the jury decide guilt or innocence. But you would then as your answer to my prior question that had Judge Lodge simply impaneled a sentencing jury with the sole purpose of answering the special interrogatory on quantity, that would have been perfectly appropriate in this case. Possibly, depending upon what advice he gave to Mr. Patterson, and I'm again referring to Thomas, at the guilty plea. If the guilty plea had occurred the way it did, and later at the sentencing hearing, which turned into a vacation of the plea hearing, Judge Lodge had said, well, I'm going to impanel a jury because of a prende, then no, it would not have been proper under Thomas. Why not? Because at the time that the plea colloquy was engaged in, Mr. Patterson was told that he was waiving his right to a jury? The question of waiving the right to the jury with respect to the determination of quantity was never raised, the same as it was not raised in Thomas. But why was it wrong, then, for Judge Lodge to say, to invalidate the plea on the grounds that he had not been properly advised at the time that the plea was entered? For the same reason, it's not proper in Thomas. And this Court remanded Thomas for sentencing within the 5-year maximum because Mr. Thomas had not been advised of his right to have the jury determine quantity and no more so than when this Court sends it back, which would put Mr. Patterson in the same position as Mr. Thomas. Well, is it the same because of the career offender provision? Does that make a difference in terms of what he faces on remand? It would make a difference by guideline application. It would not make a difference as our position in terms of what the statutory sentence is. What about the provision in 841, I think it's B-1, that talks about a prior conviction for a drug offense. Doesn't that kick the punishment for an unspecified quantity from 5 years to 10? It could, had a notice under 851 been filed prior to the guilty plea, and it was not. Oh, I thought there was an 851. No 851 notice? No 851 was filed. Okay. In fact you have about a minute left, Your Honor. Yes, and I would like to save that time for rebuttal, if I may. Thank you. Good morning. My name is Nancy Cook. I represent the United States in this matter before the Court. And I would like to say a few things in response to the defense argument. First of all, counsel has stated that Thomas is the same as Patterson in varying degrees. First of all, I'd like to point out in Thomas, as this Court is well aware, he filed a motion stating he wished to plead guilty to the sole charge of the indictment, but he was not prepared to admit to possessing any particular quantity of cocaine based, which the Court considered and stated that the Court itself had problems with the motion and felt this brought out some distinct issues. This is after Apprende. This is after the courts have decided whether you call it an element or a functional equivalent of an element, that the defendant has to be made aware of the fact and has to understand that he has a right to have a jury determine the number of plants involved in this particular case as to the marijuana, or he has to plead guilty to all the elements as charged in the indictment. The similarity between the two is that they didn't plead guilty to all the elements in the case, but the difference is the procedures used in which the Court made its determination and the time which was relevant as to the law changed. I think that Ellis further, I'd like to state that counsel, I believe, stated that the Court forced Patterson to trial. That is not at all correct. In the transcript that was filed in the original brief, the Court feels it's appropriate to proceed to set aside the plea and leave counsel to either negotiate additional plea agreement where the defendant can be apprised of the appropriate elements or so proceed to jury trial as what the Court mandated be done. Well, let's focus on the double jeopardy. Now we have the teaching of Ellis. It's clear Judge Wise accepted the plea, is it not? He accepted a plea, but it wasn't a valid plea. All right. But he accepted it. Now, what is his authority for revoking his acceptance? Because the defendant was – it wasn't a valid plea. But where does he have authority to make that determination? He made that determination based upon the change in law. Yeah. But where does he get that authority in the rules? If I could just one more time. We're told in Ellis, you understand that, we follow the rules. Where is the rule that gives him authority? Because there was a change in the law in the defendant. No authority. You're not facing the problem. There is no authority. The defendant, there is no double jeopardy claim because he was not put in jeopardy twice. He was. He was in jeopardy of being sentenced. He pleaded guilty. It's open and shut. I don't know why you – you know, once you've lost, you've lost. But go ahead, make your point. He was not put in – he did not lose his liberty twice. He was not sentenced in the first case. He wasn't sentenced. He wasn't punished. He was put in jeopardy of being punished. Well, Ms. Cook, isn't the case law pretty clear that the acceptance of a plea constitutes jeopardy? If it is a valid plea. Well, and what's invalid about this plea? Patterson's plea was the fact that he was not given the right and admonished by the court of the functional equivalent of the third element, that being – He was advised – wasn't he validly advised of the law as existed at the time the plea was taken? Correct. Now, don't the cases say that any subsequent change in the law does not invalidate a plea? The court found in this case it did. Doesn't – don't the cases hold that? I think there's some conflict on that issue. You show me a case that holds contrary to that. Can you cite me a case that holds contrary to that proposition? I cannot at this time. I cited several in my dissent that holds that a subsequent change in the law does not invalidate a plea. You agree that I cited those cases? Yes, you did, Your Honor. Now, can you cite me a case for the opposite proposition? Not at this time. So there is no authority for that. So don't you have to agree that a plea was validly accepted? If it was validly accepted, it's – Don't you have to agree to that proposition in the absence of a case that holds to the contrary? I found that the Court's ruling at that time was correct. I believe that – I understand the Court's position that it was a valid plea, but that did not – if, in fact, it was a valid plea. The judge nor the government nor the defendant had agreed. Well, first of all, as Judge Unum says, where is the authority in the rules of criminal procedure that gives the government the right even to move for the withdrawal of the plea? I agree that that was a novel issue. I found nothing – There is no authority in the rules. Can you cite me a case that gives the government that authority? No, I cannot. So you can't cite any authority that gives the government the authority to move to withdraw a facially valid plea? That's correct. All right. Don't you think that just sinks your case? No, Your Honor, I do not, because the defense argues that we are limited in saying in some way by the fact that there was a 5-year cap. That is not what is correct by the plea agreement, nor as what was admonished by the Court. The Court admonished the defendant that he was subject to up to a 5-year mandatory minimum up to 20 years. What the Court did, in fact, do – What is the relevance of that statement? I'm sorry? What is the relevance of what you just said? What does it relate to? That by what the Court did, it did not harm the defendant in any way. Well, now, that isn't the issue. The issue is, was he in jeopardy of being sentenced? Yes or no? Once the plea was accepted, was he in jeopardy? He was, in fact, in jeopardy. All right. Well, that's your case. The case is over. I don't believe it is, Your Honor. I respectfully disagree. I think that the Court had to hold a hearing, which it did, to determine the number of plants in which the defendant would be held accountable for. And – Ms. Cook, let me move on to something else. You have a sentence in your last paragraph of your brief that I don't think I understand. I mean, you can explain it to me. It says – this is the last sentence in your brief. If this Court were to decide this to have been a valid plea, the government would not be barred by double jeopardy from pursuing the charge and indictment. What is the basis for that statement? Why won't you be barred? When the assertion on appeal is that his right to double jeopardy has been violated, so if we uphold that contention that his right to double jeopardy has been violated, why wouldn't you be barred? Because it's a different offense in which he's being subject to. You mean manufacturing over 100 plants is a different offense from manufacturing without a specified quantity? One is not a lesser offense than the other? Is that what you're saying? I don't believe it is a lesser offense included. So are you saying it's the government's intention to retry the defendant on the 100-plant charge? But he would not be subject to being sentenced twice, certainly, which is basically what happened. Even if this Court were to hold that he's been placed in jeopardy by his plea and therefore couldn't be prosecuted, in effect, then what the decision would be, he'd been placed in jeopardy by his first plea and therefore could not be prosecuted on what he was convicted for, namely the 100-plant charge. But it's still your – even in that circumstance, it's still the government's position that it would not be barred by double jeopardy from pursuing the charge. I don't think any of these cases uphold that proposition that you cite. But are these the best cases you can find, Ricketts and Taylor and Santiago-Soto? Yes, Your Honor. All right. But that is your position, just to be clear, that you would not be barred by double jeopardy? That's correct, Your Honor. You know, Ms. Cook, it's no disgrace to say you've lost. You don't have to always go up and maintain, get the last drop of blood. You can say, no, we're in a different position. I believe that we are not in a different position. I believe that we are correct, that the Court did nothing wrong by giving the defendant the opportunity to have the number of plants determined by the jury, which is, in fact, what happened. And the Court gave the defendant the three-points acceptance of responsibility, so he got the benefit of the plea even though the case went to trial. He did not want to renegotiate. Therefore, there was no determination of the plants. It was submitted to the jury as required under Apprendi. So is your argument, then, that if there was error here, it was not constitutional error because due process was not violated by having the jury decide that question? I believe that's correct, Your Honor. And I believe that's what the Court found originally, that because there was – because the Court, in fact, did follow the new law, I'll say, under Apprendi, and instead of having the Court determine the number of plants beyond a preponderance of evidence, it was submitted to the jury, and it was beyond a reasonable doubt. Okay. Anything else? No, Your Honor. All right. Thank you very much, Ms. Clayton. All right, Mr. Smith, you have an opportunity for a brief rebuttal. I'll try to speak rapidly. With respect to one of the issues that has been brought up about what happens when the law changes, it has – there are numerous cases cited in the briefs and the opinion addressing the issue of what can a defendant do when judicial decisions change the law. And Hyde set out the rule for that. A defendant cannot withdraw his plea. The fact that the sentence might be different than what was anticipated at the time of the plea is not a fair and just reason for withdrawing the plea, or for allowing a defendant to withdraw the plea. And that is particularly true in this case when, as has been pointed out in the questioning, there is no basis for the government to move for a vacation of a plea and no basis for a district court to vacate the plea. Okay. Thank you, Mr. Smith. Thank you again. Ms. Cook, this case is now submitted for decision, and the panel will now stand adjourned.
judges: Noonan, Tashima, Tallman